State vs. Clark and Boyd.

No. 9565.

THE STATE OF LOUISIANA VS. WILLIE CLARK AND WILLIE BOYD.

In order that a party may contradict his own witness, a proper foundation must be laid therefor, by proper inquiry as to time, place and person involved in the supposed contradiction, putting him fully on guard. The subject-matter of the testimony to be contradicted must also be material and relevant to the issue, and the contradiction must be not merely for the purpose of discrediting his testimony generally, by showing that in immaterial matters, his statements were untrue.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker*, J.

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee.

*W. R. Whitaker* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The bill of exceptions which presents the only ground of error, arraigns a ruling of the judge refusing to permit a witness to be examined by the defense for the avowed purpose of contradicting the testimony of another witness who had also been called by the defense.

The judge, in signing the bill, states the reasons of his ruling as follows: 1st, that no foundation had been laid for the contradiction of the witness; 2d, that the testimony was irrelevant under the facts; 3d, that nothing coming from the witness justified counsel in assuming him to be an unwilling witness, and he could not contradict his own witness.

These reasons, on their face, are sound and sustained by authority. Wharton Cr. Ev. §§ 482, 483, 484; 1 Greenleaf on Ev. §§ 449, 462.

We are bound to assume that they are applicable to the circumstances of the case.

The learned counsel of accused has no doubt seen the impossibility of sustaining the charge of error, and has made no appearance by oral or written argument.

Judgment affirmed.